IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01046-CMA-KLM

JOSEPH FERONA, SR.,

    Plaintiff,

v.

HOME DEPOT USA INC., AND
NW SERVICE ENTERPRISES, INC.

    Defendants.

# EXHIBIT 1

---

### STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

---

THE COURT, upon consideration of the Stipulated Motion for Protective Order and having reviewed same and being otherwise fully advised,

HEREBY ORDERS that this Protective Order of Confidentiality is entered and shall apply to discovery materials produced by the parties in the above-captioned case.

### DISCOVERY MATERIALS COVERED BY THIS PROTECTIVE ORDER OF CONFIDENTIALITY

1. **Application of this Protective Order.** As specifically provided for herein, this Protective Order shall apply to and govern the treatment and disposition of all discovery materials exchanged between the parties, and between the parties and third persons in this action. The term "Discovery Materials" includes all documents produced by or to any party in this action: responses to interrogatories, document requests, and requests for admission; deposition testimony and transcripts of depositions; notes or information derived from any such materials; and any material produced, served, or made by, for, or on behalf of any party or third party in the

above-captioned matter which are designated as "Confidential" under the terms of this Agreed Order. The term "Document" means all written, recorded, or graphic material, including but not limited to papers, books, memoranda, typed or hand-written notes, notations, work papers, contracts, agreements, ledgers, journals, financial statements, audits, statistical records, lists, tabulations, computer print-outs, data processing input and output, and all other records kept by electronic, photographic, mechanical, or other means.

2. **Use of Confidential Documents.** Documents and Discovery Materials designated Confidential under the terms of this Agreed Order shall be used only for the purpose of preparing for and conducting the adversary proceedings and trial in the above-captioned matter and not for any other purpose, and shall not be provided for viewing, examination, copying, or other inspection by whatever means to anyone not a "Qualified Person" under Paragraph 7 of this Agreed Order, unless the parties specifically agree otherwise in writing, or this Court specifically orders distribution to individuals not "Qualified Persons" under Paragraph 7 of this Agreed Order.

## DESIGNATION OF MATERIALS AND INFORMATION AS CONFIDENTIAL

3. **Confidential Materials and Information.** Discovery Materials shall be treated as Confidential only if, with respect to documents, the party producing a document physically stamps (or otherwise indicates) the word "Confidential" on the documents or if any party serves a separate written statement upon all other parties that an individual document or group of documents shall be designated as "Confidential." The word "Confidential" shall be stamped (or otherwise indicated, in such a manner as will not render illegible the document or any part thereof), on each page as to which such Confidential status is claimed, unless the document cannot be page-stamped because of its format. If it becomes necessary for any party to include confidential information in an answer to an interrogatory, a document request or a request for

admission, the pages containing such answers shall be marked as "Confidential." All information so designated as Confidential shall be treated as Confidential in accordance with the terms of this Protective Order. Until and unless so designated, neither Documents nor Pleadings shall be given "Confidential" protection as provided by this Agreed Order.

4. **Deposition Testimony.** Testimony given during deposition (hereinafter referred to as "Testimony") may be designated as Confidential on the record when given, or thereafter by written notice to all counsel of the page and lines of the transcript so designated more specifically described in sections 4 (a) and (b) below. All testimony given during depositions or portions thereof which discuss documents or materials previously designated as Confidential shall be treated as Confidential from the moment a deposition begins until sixty days after the deponent has received the transcript of the deposition. Such testimony shall automatically become declassified, and shall no longer be considered as Confidential, sixty days after the deponent has received the transcript unless one or both of the following has occurred:

    a.    During the course of the deposition, counsel for any party has stated on the record that the deposition testimony, or portions thereof, is to be considered as "Confidential." In such case the court reporter shall transcribe the page so designated in a separate volume marked "Confidential"; or

    b.    Counsel for any party has marked, by page and line, any portion of the transcript of a deposition (whether a transcript of an oral deposition, a videotape oral deposition, or deposition on written questions) as "Confidential" within sixty days of receipt of the transcript and has informed all other counsel of record of such designation.

5. **Good Faith Designation.** No party shall designate any document or other Discovery Material as "Confidential" unless the party has a good faith belief that disclosure of the Discovery Material will reveal a trade secret, private or proprietary information, or other

commercial information which, if disclosed, could be harmful to the party or a third party, or subject such party or third party to competitive misuse, or contains private information relating to customer(s) or employee(s), or may otherwise be protected under federal or state law.

6. **Challenge of Confidential Designation**. A party may object to any designation by the producing party that Documents or Testimony are "Confidential" by giving written notice to the party designating the disputed information. The written notice shall identify the Documents or Testimony to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the Documents or Testimony "Confidential" to make an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion with the prescribed time, the disputed Documents or Testimony shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with the terms of this Protective Order. In connection with a motion made under this provision, the party designating the Documents or Testimony as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

## DISCLOSURE OF MATERIAL CLASSIFIED AS CONFIDENTIAL

7. **Qualified Persons to Whom Disclosure is Permitted**. Any Discovery Materials classified as Confidential under the terms of this Protective Order, or extracts or summaries therefrom, may be disclosed only to the following individuals, hereinafter referred to as "Qualified Persons:"

    a. The parties, and any directors, officers, agents, or employees of the parties

if reasonably necessary to assist in the litigation of their claims or defenses;

  b. Counsel for the parties and any employees of counsel, including paralegals, secretaries, and other such employees of counsel and photocopy operators employed by the receiving party or by an independent contractor hired to make photocopies, if reasonably necessary to assist counsel in the litigation of their clients' claims or defenses;

  c. Court reporters, their staff and typists, to the extent necessary to transcribe official proceedings (including depositions) of this Court;

  d. The Court and the trier of fact, and

  e. Upon request, to a governmental agency with authority over the matter.

With the exception of persons described in subparagraphs (c) (d) and (e) of this paragraph, each person who is given access to Confidential Discovery Materials is bound, by the agreement of their counsel, to the terms and conditions of this Protective Order. It shall be the responsibility of each party's counsel to ensure that Qualified Person who are permitted access to Confidential Documents be informed of the terms of this Protective Order.

  8. **Disclosure to Non-Qualified Persons.** A party seeking to disclose any Discovery Materials which the opposing party has designated "Confidential," to a person who is not a "Qualified Person" under Paragraph 7 shall serve notice on all counsel of the Non-Qualified person's name and the document identification number(s) of the Document or the transcript page and line number(s) of the Testimony which the party seeks to disclose to the Non-Qualifying Person, and the reason such persons(s) need to review the Confidential material (hereinafter referred to as "Notice of Request to Disclose to Non-Qualified Person"). Such person shall be sufficiently identified so as to allow opposing counsel to know why such person does not qualify under other provisions of this Order. Counsel for the designating party shall have ten (10) business days from the receipt of said Notice of Request to Disclose to Non-

Qualified Person to object to such disclosure before disclosure is made. Upon timely objection, such disclosure shall not be made. If the parties cannot resolve their dispute on an informal basis, the party desiring disclosure shall bear the burden of moving for resolution of the dispute by the Court. Such failure to seek a protective order by the producing party does not constitute a waiver as to Non-Qualified Person not noticed under the Notice of Request to Disclose to Non-Qualified Person, and only operates to allow the noticed Non-Qualified Person to view those Documents or Testimony which are the subject of the Notice of Request to Disclose to Non-Qualified Person. In the event that such Non-Qualified Person is granted access to Documents and Testimony either by Notice of Request to Disclose to Non-Qualified Person or by agreement of the parties, the person must, before viewing the Documents and Testimony, be provided a copy of this Agreed Order and execute a non-disclosure statement in the form attached hereto as Exhibit "A."

9. **Disclosure to Experts.** Notwithstanding the foregoing, Confidential Discovery Materials may be disclosed to any bona fide outside expert, if reasonably necessary to assist such outside expert in assisting in the litigation of this action, provided that:

    a. The outside expert has been retained to assist counsel in the preparation of this action for trial;

    b. The outside expert and all employees of such expert be given a copy of this Agreed Order; and

    c. The outside expert and all employees of such outside expert who will view such materials have signed a non-disclosure statement in the form attached hereto as Exhibit "A."

10. **Disclosure to Witnesses.** Notwithstanding the foregoing, any party and their counsel may disclose Confidential materials to a witness and to his or her respective counsel during a witness interview or in questioning a witness during a deposition and may mark such

materials as exhibits to such deposition provided that:

    a.    Material designated as Confidential shall not be attached to any copies of deposition transcripts provided to a non-party witness;

    b.    Any material designated as Confidential shall not be disclosed to a witness unless the party disclosing such materials to the witness believes in good faith that such witness has specific information regarding the material or events reflected in the material or that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information;

11.    **Disclosure in Documents Filed with the Court**. The filing of Documents designated Confidential shall be controlled by D.C.Colo.L.Civ.R. 7.2.

12.    **Attorneys Eyes Only**. A party may designate Confidential Discovery Material as "Attorneys Eyes Only" only after making a good-faith determination that the information or documents include or constitute confidential and proprietary information which, if disclosed to the other party, rather than his, her, or its counsel, could result in serious injury or harm to the designating party's interests. Information or documents designated as "Attorneys Eyes Only" may not be disclosed to any persons or entities other than the following

    a.    The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b.    Outside counsel of record, including local counsel, for any party (i.e., counsel for a party who is not an employee of the party or its affiliates), and the partners, associates, and staff of such outside counsel;

    c.    In-house counsel, employees, and agents of the Disclosing Party;

    d.    Stenographers and court reporters solely for the purpose of transcribing and/or recording testimony in this case;

e. Other persons as ordered by the Court or agreed to in writing or on the record by the parties.

13. **Good Faith Designation.** Designation of "Attorneys' Eyes Only" Confidential Material shall be made in good faith and in the same manner as stated in paragraph 5 of the Order concerning Confidential Discovery Material. In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), however, such designation shall be made by stamping the same with the legend "Attorneys' Eyes Only Confidential" or otherwise labeling the document as "Attorneys' Eyes Only Confidential" in a manner that will not interfere with the document's legibility.

## PROTECTION OF CONFIDENTIAL MATERIAL

14. **Document Storage.** Counsel for the parties to whom material classified as Confidential has been produced shall employ reasonable measures, consistent with this Agreed Protective Order, to control access to all Confidential materials, the duplication of such materials, and access to such copies.

15. **Destruction of Copies and Notes.** Upon the conclusion of this lawsuit, by final judgment, settlement or dismissal, all Discovery Materials designated as Confidential pursuant to this Protective Order, along with any extracts, summaries, descriptions, or copies of the same (with the exception of attorney work product) whether in hard copy or stored in an electronic magnetic medium, shall returned to the producing party within 30 days upon written request by the producing party, except that counsel for the parties may retain copies of court filings containing Confidential Discovery Materials provided that such will be held for their internal use only, subject to the continuing obligations imposed by this Agreed Order. If no written request is made for the return of Confidential Discovery Materials, each party agrees to destroy any Confidential Discovery Materials, along with any extracts,

summaries, descriptions, or copies of the same (with the exception of attorney work product) whether in hard copy or stored in an electronic magnetic medium, except that counsel for the parties may retain copies of court filings containing Confidential Discovery Materials provided that such will be held for their internal use only, subject to the continuing obligations imposed by this Agreed Order. All persons who have been privy to Confidential Documents shall be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public.

16. **Future Document Production.** This Protective Order shall not be deemed to limit or waive any party's right to resist discovery with respect to material which it may claim to be privileged or otherwise protected under the Federal Rules of Civil Procedure or other state or federal law, nor preclude any party at any time from seeking and obtaining from the court additional protection pursuant to Rule 26(c) or other state or federal law; including any order that material shall not be produced at all.

17. **Continuing Effect.** The provisions of this Protective Order shall continue with respect to any Discovery Material classified as Confidential, and shall survive the entry of final judgment herein, until and unless the producing party expressly authorizes, in writing, the disclosure of such material, or the material has been declared declassified by the producing party or the Court.

18. **Use of Confidential Information by Producing Party.** Nothing contained in this Order shall preclude any party from using its own Confidential documents or information in any manner it sees fit, or from revealing such Confidential documents or information to whomever it chooses, without prior consent of any other party or of this Court. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, referring or relying upon his or her

examination of confidential material.

19. **Non-Party Discovery Materials**. Any non-party from whom discovery is sought may obtain the protection of this Agreed Order by obtaining the written agreement of the party seeking discovery that the provisions of this Agreed Order shall apply to the documents and information produced by such non-party.

20. **Non-Waiver**. This Protective Order shall not be deemed a waiver of:

a. Any party's right to object to discovery on the basis that additional protection is required with respect to specific discovery, or from seeking and obtaining, on appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designated hereunder or herein as confidential, or from providing by stipulation exceptions to this Order;

b. Any party's right to seek an order compelling discovery with respect to any discovery request; or

c. Any party's right at any proceeding herein to object to the relevance, admissibility or discoverability of any evidence on any ground or to seek further orders setting the conditions under which any such evidence may be received into evidence.

21. **Breaches**. If counsel for either party believes in good faith that Confidential Discovery Materials have been disclosed in violation of this Protective Order or any non-disclosure statement, and if the identity of the violator cannot be determined, then the Court may conduct an in-camera inspection for the purpose of determining the identity of any expert or other person who may have committed such violation, and may determine, from testimony or affidavits signed under penalty of perjury, whether a violation occurred. If the Court finds that a

violation occurred, then it may order disclosure of the identity of the person who committed the

violation, to permit the party whose Confidential Discovery Materials were disclosed to pursue any legal and equitable relief to which it may be entitled as a result of the violation.

SIGNED this 24T day of November, 2014.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

**APPROVED AND AGREED:**

*s/ Michael Douglass-Harris*
Brianne N. Falgien
Michael Douglass-Harris
Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South,
Suite 1030
Denver, CO 80246
T: 303-758-4777
Email: bnf@dlslawfirm.com
mdh@dlslawfirm.com

**COUNSEL FOR PLAINTIFF**

*s/ Gina M. Rossi*
Michael W. Jones
Gina M. Rossi
Hall and Evans, LLC
1001 Seventeenth Street
Suite 300
Denver, CO 80290
T: 303-830-1212
Email: jonesm@hallevans.com
rossig@hallevans.com

**COUNSEL FOR DEFENDANTS HOME DEPOT U.S.A., INC. AND NW SERVICE ENTERPRISES, INC.**

*s/ Arthur K. Smith*
Arthur K. Smith
507 Prestige Circle
Allen, TX 75002
T: 469-519-2500
Email: asmith@aksmithlaw.com

**COUNSEL FOR DEFENDANT HOME DEPOT, U.S.A., INC.**